### Thomas Gallagher v. C. W. Ellis, Surviving Partner, etc.

1. JURY—*Its Province.*—It is the province of the jury to reconcile conflicts of testimony, and in cases where there is sufficient evidence to support its finding, the Appellate Court will not interfere.

Assumpsit, for lumber, etc. Trial in the Circuit Court of Champaign County; the Hon. FRANCIS M. WRIGHT, Judge, presiding. Verdict and judgment for plaintiff; error by defendant. Heard in this court at the May term, 1899. Affirmed. Opinion filed September 20, 1899.

JOHN J. REA and M. H. CLOUD, attorneys for plaintiff in error.

THOMAS J. SMITH, attorney for defendant in error.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

Ellis & West, as partners, sued plaintiff in error in the Circuit Court of Champaign County to recover the amount of a lumber bill, sold by them to one Joseph Faulkner, and by him used in a building on his farm. After suit was commenced, but before the trial, West died, and his death being suggested, the court allowed this cause to be prosecuted in the name of C. W. Ellis, surviving partner of Ellis & West.

Trial was had by jury, resulting in a verdict for defendant in error for the sum of $300, upon which the court rendered judgment, after overruling motion for new trial.

Plaintiff in error brings this cause to this court on writ of error, and urges a reversal of the judgment, because, first, the verdict and judgment are contrary to the evidence; and, second, the court erred in rulings upon instructions and evidence.

The declaration filed in the Circuit Court in this case alleges in substance that one Joseph Faulkner, being indebted to the firm of Ellis & West in the sum of $300, sold to plaintiff in error a certain farm, in consideration of which he agreed to pay Ellis & West the said sum of $300, and some other debts of Joseph Faulkner, amounting in all to $881.

The evidence conclusively shows the conveyance of the land and the indebtedness, as claimed in the declaration, but there is some conflict in the testimony as to whether or not plaintiff in error agreed to pay Ellis & West the $300 as part consideration for the land. To reconcile this conflict was the province of the jury, and as there is sufficient evidence in this record to support the verdict, we feel unwilling, after considering it all, to say that the jury arrived at a wrong conclusion.

Some objections are made by counsel for plaintiff in error to the ruling of the court on the evidence, but the record shows no reversible error in that regard.

The court, at the request of the plaintiff in error, gave to the jury a number of instructions, all in form as requested, except one, which was modified. The modification made is urged as error. The modified instruction gave the law properly to the jury and there is no just ground for complaint by plaintiff in error on that account.

Finding no reversible error in the proceedings of the Circuit Court in this case, its judgment is affirmed.

Justice WRIGHT, having presided as judge in the Circuit Court when this case was tried there, took no part in this decision.